Rio Puerco Irrigation Co. v. Jastro, 19 N. M. 149

(No. 1546, June 15, 1914)

RIO PUERCO IRRIGATION COMPANY, Plaintiff in Error vs. H. A. JASTRO, Defendant in Error.

(No. 1547, June 15, 1914)

RIO PUERCO IRRIGATION COMPANY, Plaintiff in Error vs. H. A. JASTRO, Defendant in Error.
(CONSOLIDATED)

SYLLABUS BY THE COURT.

1. Sections 29 and 35, Chap. 49, S. L. 1907, construed. Held, that financial inability, or lack of money with which to prosecute the work required, under a permit to appropriate water, does not constitute sufficient justification for an extension of time by the territorial engineer, within which the appli-

cant is required to complete one-fifth, or the whole of the work.

P. 153

2. Where an application for a permit to appropriate water for a beneficial use is approved by the district court, on appeal, the appellate court will presume, in the absence of anything in the record to the contrary, that there is unappropriated water available to supply the requirements under the permit.

P. 155

(No. 1546)

Error to District Court, Sandoval County, Herbert F. Raynolds, Presiding Judge. Affirmed.

(No. 1547)

Error to District Court, Sandoval County, Herbert F. Raynolds, Presiding Judge. Affirmed.

PRICHARD & HOWARD, for Plaintiff in Error.

Assignment 2 of Error, Secs. 29, 35, Chap. 49, S. L. 1907.

Right to Water Independent of Ownership in Land. Vol. 1, 3rd Ed. Weil's Water Rights; Western States, Sec· 281, pp. 294-5; Id. Sec. 282, pp. 297-8; 110 Am. St. Rep. 986; 76 Pac. 331; 6 Col. 443; 91 Am. Dec. 554.

Assignment 5. Secs. 2, 29 and 35, Chap· 49, L. 1907; Vol. 1, 3rd Ed., Weil, Sec. 384.

Assignment 7. Vol. 1, 3rd Ed. Weil, p. 414.

Assignment 10. L. 1905, Chap. 22, Sec. 102; L. 1907, Chap· 49, Secs. 72, 73; Chaps. 109, 128, 140, L. 1909.

A. B. McMILLEN, for Appellee.

Power to limit those who attempt to appropriate water under Laws of New Mexico. Chap. 49, L. 1907, Secs. 27, 29, 35.

## OPINION.

ROBERTS, C. J.—These two cases were consolidated for the purpose of argument, and will be considered together by the court. The facts in cause No. 1546 may be briefly stated as follows:

On August 28th, 1907, the Rio Puerco Irrigation Company filed its application to appropriate water from the Rio Puerco, for the purpose of irrigating 19,200 acres of land. Its application described the lands proposed to be irrigated, and was accompanied by plans and specifications, describing in detail the proposed diversion works, storage reservoirs, etc. Its application was approved by the territorial engineer July 21, 1908, upon condition that work should be commenced not later than March 1, 1909; one-fifth of the work to be completed on or before January 1, 1910; the whole of said work to be completed on or before July 21, 1912; application to beneficial use on or before October 1, 1914.

On February 19, 1909, the company applied for an extension of time within which to begin and complete the work, which was granted by the territorial engineer March 1, 1909, upon the following conditions: Work to be commenced June 1, 1909; one-fifth to be completed April 21, 1910; the whole work to be completed October 21, 1912; application to beneficial use not later than January 1, 1915.

On May 25, 1909, a second application for extension of time was filed by the company with the territorial engineer, upon which no action was taken by that official. The only reason assigned for the requested extension was that it had been unable to sell bonds, which it proposed to issue, and because of such fact, did not have the money to enable it to begin and prosecute the work. Upon appeal to the board of water commissioners, from the refusal of the engineer to act, that board rejected the application for the extension of time. From the action of the board the company appealed to the district court of Sandoval county, where the cause was heard *de novo*. The court refused to grant the extension. To review the judg-

ment of the district court in refusing such requested extension of time, this writ of error is prosecuted.

The facts in cause No. 1547 are as follows:

On August 19, 1909, H. A. Jastro filed in the office of the territorial engineer an application for permit to appropriate 112 second feet of water from the normal and flood water flow of the Rio Puerco, for the purpose of irrigating 7,800 acres of land on the Bernabe M. Montano Land Grant, of which grant he was the owner. This application was rejected by the said engineer, on the ground that there was no unappropriated water available. Upon appeal to the board of water commissioners the application was approved, the board finding that there was unappropriated water available. The Rio Puerco Irrigation Co. appealed from the decisions of the board of water commissioners to the district court, where a trial *de novo* was had, which resulted in a judgment approving the Jastro application. To review this judgment the writ of error in cause 1547 was sued out.

The only question involved in cause No. 1546 which merits consideration is whether inability of an applicant, who has been granted a permit to appropriate water by the territorial (now state) engineer, to sell bonds or otherwise raise the necessary money with which to pay for the construction work, affords legal justification for an extension of time within which to complete the contemplated diversion works and storage reservoirs. Chapter 49, S. L. 1907, specifically provides the manner and method by which a right to the use of water may be initiated. By Sec. 2 of said act it is provided:

"All claims to the use of water initiated after the passage of this act shall relate back to the date of the receipt of an application therefor in the office of the territorial engineer, subject to compliance with the provisions of this act, and the rules and regulations established thereunder."

Sections 29 and 35 read as follows:

"Sec. 29. The construction of the works shall be diligently prosecuted to completion, and if one-fifth of the work shall not be completed within one-half the time

allowed, as determined by the territorial engineer, he may accept and approve, as herein provided, an application for the use of all or any of the waters included in the permit issued to the prior applicant and the right to use such waters under the former permit shall thereupon be forfeited; Provided, That the territorial engineer shall allow an extension of time on request of the prior applicant, equal to the time during which work was prevented by the operation of law or other causes, beyond the power of the said applicant to control."

"Sec. 35. The territorial engineer shall have power to extend the time for the completion of construction, or for application to beneficial use, for three and two years, respectively, but only on account of delays due to physical and engineering difficulties which could not have been reasonably anticipated, or by operation of law, or other causes, beyond the power of the applicant to avoid."

The doctrine of relation has been universally applied by the courts, in arid states, in the appropriation of water. Where notice is required by statute of the intention to appropriate, the right relates back to the time such notice is given, in the authorized manner; in the absence of a statute, requiring notice, or other act, the right relates back to the time when the first step was taken. This doctrine does not apply, or protect the intending appropriator however, unless he prosecutes his work of diversion with reasonable diligence.

The authorities all agree that the mere lack of means with which to prosecute the work is not a sufficient excuse for delay. As was said by the Supreme Court of Nevada, in the case of Ophir Silver Mining Co. vs. Carpenter, 4 Nev. 534, 97 Am. Dec. 550:

"It would be a most dangerous doctrine to hold that ill health or pecuniary inability of a claimant of a water privilege will dispense with the necessity of actual appropriation within a reasonable time, or the diligence which is usually required in the prosecution of the work necessary for the purpose. We find no recognition of such doctrine in law. Nor are we disposed to adopt it as the

rule to govern cases of this kind." See also Cole vs.
Logan, 24 Ore. 304; 33 Pac. 568; Keeney vs. Carillo, 2
N. M. 480; Kinney on Irrigation and Water Rights (2nd
Ed.), Sec. 739.

Such being the law, in the absence of statutory regu-
lations, the only remaining question is, whether it was
the intention of our lawmakers to change this rule.

Section 29, *supra,* provides that the work shall be dili-
gently prosecuted to completion, and requires that one-
fifth of the work shall be completed within one-half the
time allowed for the completion of the entire work. If
such one-fifth is not so completed, lack of diligence is
conclusively shown, and the doctrine of relation would
not apply, and the engineer may accept and approve other
applications for the use of the water included in the prior
permit. The proviso to said section requires the terri-
torial engineer to allow an extension of time, on request
of the applicant, equal to the time during which work
was prevented by the operation of law, or other causes,
beyond the power of the said applicant to control. And
Sec. 35 gives to the engineer power to extend the time
for completion of construction, for three and two years,
respectively, but only on account of delays due to physical
and engineering difficulties which could not have been
reasonably anticipated, or by operation of law, or other
causes beyond the power of the applicant to avoid. The
reasons stated in the statute, which will justify the en-
gineer in extending the time, are only such as would,
without the statute, by their intervention, excuse what
would otherwise constitute lack of diligence in the prose-
cution to completion of the works under construction.
When such facts are made to appear to the engineer, it
becomes his duty to grant to the applicant additional
time, equal to the time lost by such causes, thereby pro-
tecting the applicant against a sacrifice of his right to
have his priority relate back to the time he filed his ap-
plication. In others words, without any statutory provision
upon the matter, the applicant would not lose his priority,
under the doctrine of relation, because of his failure to

complete his works within what would be a reasonable time, without such causes intervening, where he proceeds with due diligence, such matters being considered. Under the statute, he will not lose his priority, if he applies for an extension of time on account of "delays due to physical and engineering difficulties which could not have been reasonably anticipated, or by operation of law, or other causes beyond the power of the applicant to avoid," and the same is granted to him. And for the causes stated, he is legally entitled to the extension of time. Financial inability is not under the statute, as it was not without the statute, such a cause as will excuse lack of diligence in the prosecution of the work. Hence it necessarily follows that the territorial engineer was not authorized to grant an extension of time within which to complete one-fifth of the work, or all of the work, where the only basis for the request was the financial inability of the intending appropriator, or his inability to sell bonds with which to procure money to prosecute the work, and the district court properly refused the requested extension of time.

In cause 1547, where the district court approved of the application of H. A. Jastro for a permit to appropriate 112 second feet of water from the normal and flood water flow of the Rio Puerco, it is only necessary to state that no cause for disapproval was shown to the district court. There was no attempt made to show that there was not unappropriated water sufficient to supply said application, further than the introduction into the record of a protest filed by the U. S. reclamation service. The government did not appear in the court below, however, and its rights were not litigated, consequently it is not affected by the decree.

Where an application for a permit to appropriate water for a beneficial use is approved by the district court, on appeal the appellate court will presume, in the absence of anything in the record to the contrary, that there is unappropriated water available to supply the requirements under the permit. At the time Jastro filed his application for the permit, plaintiff in error still had

time remaining within which it might have completed one-fifth of the work required within one-half of the time allowed, regardless of the action of the engineer upon its application for an extension of time. But it made no attempt to show that there was not water available sufficient to supply its needs, should it complete its appropriation, and also the requirements of defendant in error, under his application. Such being the state of the record, this court will not interfere with the discretion of the district court in approving the Jastro application.

For the reasons stated, the judgment of the lower court in each case will be affirmed, and it is so ordered.